John Pressman, Appellant, v. The Borough of Dickson City.

*Municipality—Boroughs—Streets—Gutters—Culverts—Trespass.*

The time and manner of draining the streets of a municipality require the exercise of judgment, and by law the municipal authorities are vested with the power of exercising their judgment. The duty of exercising it is of a judicial, and not an administrative, character. Therefore, the insufficiency of a drain pipe to carry off, on all occasions, the water flowing towards it, will not give the owner the right to an action against the municipality, as it only establishes a mistake in judgment and not negligence on the part of the municipality.

Argued Jan. 11, 1900. Appeal, No. 22, Jan. T., 1900, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1896, No. 674, in trespass. Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Per Curiam.

Trespass. Before GUNSTER, J.

It appears from the record that plaintiff was the owner of premises at the northwest corner of Main avenue and Storrs street in the borough of Dickson city. The front of the premises is on Main avenue, and extends westwardly along Storrs street 165 feet. In July, 1894, these two streets at their junction were upon about the same level. At that time the borough directed the filling of Main avenue at the intersection of Storrs street, and through the filling so made and across Main avenue lay a terra-cotta pipe, one end of which was at the open gutter in Storrs street adjoining the plaintiff's lot and the other end upon the surface below Main avenue. The plaintiff alleged that the position and size of the pipe across Main avenue were insufficient to drain Storrs street, and that the surplus water overflowed his premises, injuring them, for which he brought suit against the borough.

At the trial defendant asked for a compulsory nonsuit which the court granted, saying, inter alia :

I desire to express briefly the reasons for the disposition which I intend to make of this motion.

The action is one of trespass, and the gist of the plaintiff's case is the alleged negligence of the defendant, and before he can recover he must show that the defendant has in some respect been negligent, and that that negligence has injured him. So far as I understand the evidence, the alleged negligence consists in the construction of an obstruction in the street, namely, the pipe which was laid across Main street to drain the water from Storrs street. There is no evidence to show that the pipe was not kept in repair, or that any flood was caused by any obstruction in the pipe, or that the borough authorities had any knowledge of any obstruction which may have caused the flood ; that most of the evidence on the part of the plaintiff tends to show that this flooding was not caused by an ordinary flow of water, but by a flow of water brought on by an extraordinary storm.

But, however that may be, if that question might have been proper to submit to the jury, I fail to see that any negligence has been established upon the part of the authorities. In the disposition of cases of this kind we must always bear in mind the great difference between negligence and the exercise of a proper judgment; a mistake of judgment is not negligence. If a man acts recklessly and carelessly he may be negligent in failing to exercise proper judgment, but when the borough authorities exercise their judgment, and make up their minds to construct a drain pipe across the street, of the kind that has been described, why the fact that they have adopted it is not evidence of negligence at all. They are vested by the law of this commonwealth with the power of exercising that judgment, and the duty of exercising it is one of a judicial character and not one of an administrative character, and as was said in the case of Fair v. Philadelphia, 88 Pa. 309, " The time and manner of draining the streets of the city require the exercise of judgment, deliberation and discretion of the municipal authorities. The duty is therefore one of a judicial character. It involves a consideration of the financial condition of the city, and of the time and plan of construction. It must, therefore, be left to the municipal authorities to determine the extent and capacity of the sewerage to be constructed, and not to the verdict of a jury to decide at the suit of an owner of property aggrieved. So long as it is the mere omission, as here, of the authorities to provide adequate means to carry off the water which storms and the natural formation of the ground throw on a lot, the owner thereof cannot sustain an action against the municipality. This conclusion flows from the sound rule that a municipality is not liable for damages resulting from a lawful exercise of its discretionary power to plan and construct sewers and other improvements." And I might say here that the selection of a plan which is not sufficient to carry off the water is not negligence ; that is a mistake of judgment. And if the borough authorities made a mistake in selecting too small a pipe, if they made a mistake in selecting the plan for draining the water across that street, that is not negligence, but is an error of judgment, and for that error of judgment on the part of the municipal authorities, the municipality is not liable. It is only when the municipal authorities are negligent that the municipality becomes liable.

A rule to strike off the nonsuit was discharged. Plaintiff appealed.

*Error assigned* was discharging the rule to strike off nonsuit.

*E. H. Shurtleff*, with him *I. H. Burns*, for appellant.—The selection by the municipal authorities of a plan for draining the streets, etc., is a judicial act which may grant immunity to the corporation from damages, but this is not so if the plan be adopted and the work performed in a negligent manner.  For negligence in the construction of public works, the corporation must respond in damages for a special injury caused by its negligence: Allentown v. Kramer, 73 Pa. 406; Bohan v. Avoca Borough, 154 Pa. 404; Ft. Wayne & Pitts. R. R. v. Gilleland, 56 Pa. 445; Commissioners v. Wood, 10 Pa. 93; Rochester White Lead Co. v. Rochester, 3 N. Y. 463; Ashley v. Port Huron, 35 Mich. 296; Seifert v. Brooklyn, 101 N. Y. 136.

In constructing sewers, drains or culverts it is the duty of municipal corporations to exercise that degree of care, skill and prudence that a discreet and cautious individual would use if the whole loss or risk were to be his own : 6 Am. & Eng. Ency. of Law, 23; Rochester White Lead Co. v. Rochester, 3 N. Y. 463; Mayor v. Bailey, 2 Denio (N. Y.), 433.

*C. B. Little*, with him *G. M. Watson*, for appellee.—The fact that occasionally the drain pipe was insufficient to carry off all the water it was required to, is not negligence on the part of the borough authorities: Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272; Fairlawn Coal Co. v. Scranton, 148 Pa. 231.

PER CURIAM, March 21, 1900:

After a thorough examination of all the evidence in this case we are of the opinion that the learned judge who presided on the trial was right in holding that the legal principles established by the decisions referred to by him were applicable to the facts of the case and prevented a recovery.

For the reasons given by him in sustaining the motion the judgment is affirmed.